UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VICKI MORELLI,

Plaintiff,

vs. Case. No.: 6:02-CV-1533-Orl-28JGG

AGERE SYSTEMS, INC.;
LUCENT TECHNOLOGIES, INC.,

Defendants.
_______________________________/

**PLAINTIFF'S REQUEST FOR DETERMINATION OF SUFFICIENCY OF DEFENDANTS' RESPONSES TO REQUESTS FOR ADMISSIONS, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff respectfully requests that the Court determine the sufficiency of Defendants' responses to several admissions requests of Plaintiff. Plaintiff brings this motion pursuant to Fed. R. Civ. P. 36(a) and 37(a)(4). Specifically, Plaintiff is seeking an order directing Defendants to remove extraneous matter from their responses to admitted requests for admissions. Plaintiff further requests an award of reasonable expenses should the motion be granted.

1. On April 26, 2004, Plaintiff served a request for admissions on Defendants. (Ex. A.) Defendants served their responses on May 28, 2004. (Ex. A.) The requests and responses at issue in this motion are reproduced below.

*Admissions to which commentary is appended (Requests. Nos. 6, 7, 9, 10, 13)*

2. Plaintiff takes issue with responses to several of Plaintiff's admissions requests—Requests. Nos. 6, 7, 9, 10, 13—in which Defendants admitted the requests but then unnecessarily added commentary. Requests Nos. 6, 7, 9, 10, and 13 and Defendants' responses to those requests are as follows:

SCANNED

39

**6.** Beth Wong is younger than Ms. Morelli.

**Response:** Admitted. By way of further response, Bethann Wong was born on October 2, 1956 and is three years, eleven months and thirteen days younger than Morelli. Like Morelli, she is a member of the protected class under the Age Discrimination in Employment Act and Florida Civil Rights Act.

**7.** Beth Wong was reassigned or transferred to a different position in November 2001.

**Response:** Admitted. By way of further response, Wong was transferred from a position in labor relations to a position in the analytical lab. Both jobs were classified as MA-2 and the job change resulted in no change in Wong's compensation.

**9.** Josie Rose is younger than Ms. Morelli.

**Response:** Admitted. By way of further response, Josie Rose was born on January 26, 1956 and is three years, three months and seven days younger than Morelli. Like Morelli, she is a member of the protected class under the Age Discrimination in Employment Act and Florida Civil Rights Act.

**10.** Josie Rose was reassigned or transferred to a different position in June 2001.

**Response:** Admitted. By way of further response, Rose was transferred from an administrative assistant position in human resources to an administrative assistant position in CIO. Both jobs were classified as LBA-2 and the job change resulted in no change in Rose's compensation.

**13.** D'Juna Doby was reassigned or transferred to a different position in September 2001.

**Response:** Admitted. By way of further response, Doby was transferred from a position as an assistant in human resources to a position as an assistant in operations. Both jobs were classified as LBA-3 and the job change resulted in no change in Doby's compensation.

3. Defendants unqualifiedly admitted the facts stated in Requests Nos. 6, 7, 9, 10 and 13 by

stating as the first sentence of each response "Admitted." Therefore, there is no reason for Defendants to include any "further response" beyond a bare admission in responding to these requests.

4. Fed. R. Civ. P. 36 does not authorize the responding party to embellish a response to an admissions request with commentary or with information that was not included in the request when the responding party unqualifiedly admits the assertion made in the request.

5. Defendants' inclusion in the responses of extraneous verbiage and allegations tends to obfuscate the fact that they are admitting to the requests and causes confusion by injecting information that the requesting party did not ask for in the request. As a result, the responses are ambiguous and evasive.

6. Furthermore, the responses will cause prejudice to Plaintiff at trial because in their present form Plaintiff cannot use them as exhibits. The extraneous commentary and information sully Defendants' admissions.

7. Accordingly, Defendants should be ordered to amend their responses to Requests. Nos. 6, 7, 9, 10, 13 so that the responses are simple admissions.

*Conclusion and prayer for relief*

For the foregoing reasons, Plaintiff respectfully requests that the Court order Defendants to amend their responses to Requests. Nos. 6, 7, 9, 10, 13 so that the responses are bare admissions. Plaintiff further asks that the Court award her reasonable expenses should her motion be granted.

## Certificate of Conference

Plaintiff's counsel conferred with Defendants' attorney in a good faith effort to resolve the issues raised in this motion. However, the parties' attorneys were unable to reach agreement.

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was sent by U.S. Mail to Robert W. Cameron, Esquire, and Theodore Schroeder, Esquire, 625 Liberty Ave, Dominion Tower, 26th Floor, Pittsburgh, PA 15222 and Carol C. Lumpkin, Esquire, Littler Mendelson, P.C., One Biscayne Tower, 2 South Biscayne Blvd, Suite 1500, Miami, FL 33131-1804 this 9th day of June, 2004.

Respectfully submitted,

for Kathryn S. Piscitelli, Esquire
Fla. Bar No. 368598

Joseph Egan, Jr., Esquire
Fla. Bar No. 180102
EGAN, LEV & SIWICA, P.A.
P.O. Box 2231
Orlando, FL 32801
Telephone 407-422-1400
Facsimile 407-422-3658
**Attorneys for Plaintiff**

FILE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VICKI MORELLI,

Plaintiff,

vs. Case. No.: 6:02-cv-1533-Orl-28JGG

AGERE SYSTEMS, INC.;
LUCENT TECHNOLOGIES, INC.,

Defendants.
_____________________________/

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANTS

Plaintiff, by and through undersigned counsel, hereby requests that Defendants admit or deny the following, in accordance with the Federal Rules of Civil Procedure:

1. The Court has personal jurisdiction over the parties to the lawsuit.

2. The Court has jurisdiction over Ms. Morelli's claims under the Age Discrimination in Employment Act, as amended.

3. The Court has jurisdiction over Ms. Morelli's claims under the Florida Civil Rights Act.

4. Agere Systems Inc. was Ms. Morelli's employer during 2001.

5. Lucent Technologies Inc. was Ms. Morelli's employer during 2001.

6. Beth Wong is younger than Ms. Morelli.

7. Beth Wong was reassigned or transferred to a different position in November 2001.

8. Beth Wong did not apply for the position to which she was reassigned or transferred in November 2001, and the position had not been advertised as being available.

9. Josie Rose is younger than Ms. Morelli.

10. Josie Rose was reassigned or transferred to a different position in June 2001.

11. Josie Rose did not apply for the position to which she was reassigned or transferred in June 2001, and the position had not been advertised as being available.

12. D'Juna Doby is younger than Ms. Morelli.

13. D'Juna Doby was reassigned or transferred to a different position in September 2001.

14. D'Juna Doby did not apply for the position to which she was reassigned or transferred in September 2001, and the position had not been advertised as being available.

15. Ms. Morelli can establish a prima facie case of age discrimination.

16. Age was a factor in Ms. Morelli's termination.

17. After her termination from Agere Systems Inc., Ms. Morelli obtained substantially equivalent employment.

18. Between August 2 and September 30, 2001, Agere Systems Inc. did not advertise or post as being available any jobs at its John Young Parkway facility in Orlando, Florida.

19. During her employment with Defendants, Ms. Morelli received the top rating on her performance reviews, except for one year when she received the next highest rating.

20. On or about August 2, 2001, Agere Systems Inc. gave Ms. Morelli the banding criteria form attached hereto as Exhibit 23.

21. On or about August 2, 2001, Agere Systems Inc. gave Ms. Morelli the banding criteria form attached hereto as Exhibit 28.

22. On or about August 2, 2001, Agere Systems Inc. gave Ms. Morelli the banding criteria form attached hereto as Exhibit 29.

23. On or about August 2, 2001, Agere Systems Inc. gave Ms. Morelli the banding criteria form attached hereto as Exhibit 56.

24. On or about August 2, 2001, Agere Systems Inc. gave Ms. Morelli the age distribution report attached hereto as Exhibit 26.

25. On or about August 2, 2001, Agere Systems Inc. gave Ms. Morelli the age distribution report attached hereto as Exhibit 27.

26. On or about August 2, 2001, Agere Systems Inc. gave Michael Hall the banding criteria form attached hereto as Exhibit 23.

27. On or about August 2, 2001, Agere Systems Inc. gave Michael Hall the banding criteria form attached hereto as Exhibit 28.

28. On or about August 2, 2001, Agere Systems Inc. gave Michael Hall the banding criteria

form attached hereto as Exhibit 29.

29. On or about August 2, 2001, Agere Systems Inc. gave Michael Hall the banding criteria form attached hereto as Exhibit 56.

30. On or about August 2, 2001, Agere Systems Inc. gave Michael Hall the age distribution report attached hereto as Exhibit 26.

31. On or about August 2, 2001, Agere Systems Inc. gave Michael Hall the age distribution report attached hereto as Exhibit 27.

32. Ms. Morelli satisfied all conditions precedent to bringing suit under the Age Discrimination in Employment Act.

33. Ms. Morelli satisfied all conditions precedent to bring suit under the Florida Civil Rights Act.

**Certificate of Service**

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by: ☒ U.S. Mail ☐ Hand Delivery ☐ Overnight Courier ☐ Facsimile this 26th day of April 2004 to: Robert W. Cameron, Esquire, and Theodore Schroeder, Esquire, 625 Liberty Ave, Dominion Tower, 26th Floor, Pittsburgh, PA 15222; and Carol C. Lumpkin, Esquire, Littler Mendelson, P.C., One Biscayne Tower, 2 South Biscayne Blvd, Suite 1500, Miami, FL 33131-1804.

Respectfully submitted,

Kathryn S. Piscitelli
Florida Bar No. 368598
EGAN, LEV & SIWICA, P.A.
P.O. Box 2231
Orlando, Florida 32802
(407) 422-1400 - telephone
(407) 422-3658 - fax
**Counsel for Plaintiff**

| Universe Name: | Dave Williams MA4s in Greater Orlando | August 2, 2001 |
|---|---|---|

# BANDING CRITERIA

The following information is being provided pursuant to the Older Workers Benefit Protection Act of 1990.

Business conditions have resulted in a reorganization which entails the reduction in the number of employee positions. For this organization and job classification, the eligibility factors for employees retained or at risk are:

**RETAINED BAND(S)** **CRITERIA**

Employees who are retained

- ☐ Are appraised as having higher performance
- ☒ Are assessed as having higher skills
- ☐ Possess critical skills for ongoing operation
- ☐ Work in functions which are not affected
- ☐ Too New to Rate and selection indicates high skills

**AT RISK BAND(S)** **CRITERIA**

Employees who are at risk

- ☐ Are appraised as having lower performance
- ☒ Are assessed as having lower skills
- ☐ Do not possess critical skills for ongoing operation
- ☐ Work in functions being eliminated without skills transferable to functions not affected
- ☒ Work in positions being eliminated
- ☐ Too New to Rate and insufficient experience to be retained

EXHIBIT
tabbies
23

(Involuntary Only Option)

*Monday, July 30, 2001*

**Universe Description:** Williams MA4s in Greater Orlando Area
**Notification Date:** 8/2/2001
**Scheduled Off-Payroll Date:** 9/30/2001

**Organization:** IC Manufacturing Orlando
**Tracking ID:** 944
**Processed By:** Adrian Ramsey
**Contact Number:** (610) 712-5950

| | RETAINED BAND(S): 9 | | | AT RISK BAND(S): 2 | | |
|---|---|---|---|---|---|---|
| Age | # of Emps. | Salary Band or Equiv. | Job Title | # of Emps. | Salary Band or Equiv. | Job Title |
| 33 | 1 | MA4 | MA4 | 0 | MA4 | MA4 |
| 38 | 1 | MA4 | MA4 | 0 | MA4 | MA4 |
| 41 | 1 | MA4 | MA4 | 0 | MA4 | MA4 |
| 46 | 1 | MA4 | MA4 | 0 | MA4 | MA4 |
| 48 | 3 | MA4 | MA4 | 0 | MA4 | MA4 |
| 49 | 0 | MA4 | MA4 | 1 | MA4 | MA4 |
| 51 | 1 | MA4 | MA4 | 0 | MA4 | MA4 |
| 52 | 0 | MA4 | MA4 | 1 | MA4 | MA4 |
| 53 | 1 | MA4 | MA4 | 0 | MA4 | MA4 |

EXHIBIT
tabbies
26

PL-Morelli
000259

VICKI MORELL

# Age Distribution Report

*(Involuntary Only Option)*



*Thursday, March 21, 2002*

**Universe Description:** Williams MA4s in Greater Orlando Area
**Notification Date:** 8/2/2001
**Scheduled Off-Payroll Date:** 9/30/2001

**Organization:** IC Manufacturing Orlando
**Tracking ID:** 944
**Processed By:** Adrian Ramsey
**Contact Number:** (610) 712-5950

| | RETAINED BAND(S): 9 | | | AT RISK BAND(S): 2 | | |
|---|---|---|---|---|---|---|
| Age | # of Emps. | Salary Band or Equiv. | Job Title | # of Emps. | Salary Band or Equiv. | Job Title |
| 33 | 1 | MA4 | MA4 | 0 | MA4 | MA4 |
| 37 | 1 | MA4 | MA4 | 0 | MA4 | MA4 |
| 40 | 1 | MA4 | MA4 | 0 | MA4 | MA4 |
| 45 | 1 | MA4 | MA4 | 0 | MA4 | MA4 |
| 47 | 1 | MA4 | MA4 | 0 | MA4 | MA4 |
| 48 | 2 | MA4 | MA4 | 1 | MA4 | MA4 |
| 51 | 1 | MA4 | MA4 | 0 | MA4 | MA4 |
| 52 | 0 | MA4 | MA4 | 1 | MA4 | MA4 |
| 53 | 1 | MA4 | MA4 | 0 | MA4 | MA4 |

EXHIBIT 27

MORELLI/EEOC 0211

Def Response to 1st & 2nd RTP 000679

| Universe Name: | Dave Williams MA4s in Greater Orlando August 2, 2001 |
|---|---|

# BANDING CRITERIA

The following information is being provided pursuant to the Older Workers Benefit Protection Act of 1990.

Business conditions have resulted in a reorganization which entails the reduction in the number of employee positions. For this organization and job classification, the eligibility factors for employees retained or at risk are:

**RETAINED BAND(S)** **CRITERIA**

Employees who are retained

- ☐ Are appraised as having higher performance
- ☒ Are assessed as having higher skills
- ☐ Possess critical skills for ongoing operation
- ☒ Work in functions which are not affected
- ☐ Too New to Rate and selection indicates high skills

**AT RISK BAND(S)** **CRITERIA**

Employees who are at risk

- ☐ Are appraised as having lower performance
- ☒ Are assessed as having lower skills
- ☐ Do not possess critical skills for ongoing operation
- ☐ Work in functions being eliminated without skills transferable to functions not affected
- ☒ Work in positions being eliminated
- ☐ Too New to Rate and insufficient experience to be retained

EXHIBIT
tabbles
28

PL-Morelli
000263

| Universe Name: #4 | Dave Williams MA4s in Greater Orlando |
|---|---|

# BANDING CRITERIA

The following information is being provided pursuant to the Older Workers Benefit Protection Act of 1990.

Business conditions have resulted in a reorganization which entails the reduction in the number of employee positions. For this organization and job classification, the eligibility factors for employees retained or at risk are:

**RETAINED BAND(S)** **CRITERIA**

Employees who are retained

- ☐ Are appraised as having higher performance
- ☒ Are assessed as having higher skills
- ☐ Possess critical skills for ongoing operation
- ☐ Work in functions which are not affected
- ☐ Too New to Rate and selection indicates high skills

**AT RISK BAND(S)** **CRITERIA**

Employees who are at risk

- ☐ Are appraised as having lower performance
- ☒ Are assessed as having lower skills
- ☐ Do not possess critical skills for ongoing operation
- ☐ Work in functions being eliminated without skills transferable to functions not affected
- ☐ Work in positions being eliminated
- ☐ Too New to Rate and insufficient experience to be retained

EXHIBIT 29

tabbles

MORELLI/EEOC 0041

# BANDING CRITERIA FORM

| | |
|---|---|
| Universe Name: | Williams MA4s in Greater Orlando |
| Notification Date: | August 2, 2001 |

## BANDING CRITERIA

The following information is being provided pursuant to the Older Workers Benefit Protection Act of 1990.

Business conditions have resulted in a reorganization which entails the reduction in the number of employee positions. For this organization and job classification, the eligibility factors for employees retained or at risk are:

**RETAINED BAND(S)** **CRITERIA**

Employees who are retained

- ☐ Are appraised as having higher performance
- ☑ Are assessed as having higher skills
- ☐ Possess critical skills for ongoing operation
- ☐ Work in functions which are not affected
- ☐ Too New to Rate and selection indicates high skills

**AT RISK BAND(S)** **CRITERIA**

Employees who are at risk

- ☐ Are appraised as having lower performance
- ☑ Are assessed as having lower skills
- ☐ Do not possess critical skills for ongoing operation
- ☑ Work in functions being eliminated without skills transferable to functions not affected
- ☐ Work in positions being eliminated
- ☐ Too New to Rate and insufficient experience to be retained

EXHIBIT
56

tabbies

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VICKI MORELLI,

Plaintiff,

vs. Case. No.: 6:02-cv-1533-Orl-28JGG

AGERE SYSTEMS, INC.;
LUCENT TECHNOLOGIES, INC.,

Defendants.
_______________________________________/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANTS**

Defendants Agere Systems Inc. ("Agere") and Lucent Technologies Inc. ("Lucent"), by their undersigned counsel and pursuant to Rule 36 of the Federal Rules of Civil Procedure, respond to Plaintiff's First Requests for Admissions.

**General Objections, Qualifications and Reservations**

Each and all of the following general objections, qualifications and reservations are incorporated in response to each request for admission as if set forth in full:

1. Any responses to the following requests for admission are made to the best of Defendants' knowledge, are based on information currently known to Defendants and are given without prejudice to their right to produce evidence of any subsequently discovered information and to supplement their responses to said requests for admission pursuant to Rule 26 of the Federal Rules of Civil Procedure. Defendants' supplementation obligation is limited to the provisions of that Rule.

2. In responding to any request for admission, Defendants do not concede the relevancy, materiality or admissibility of the information sought. Defendants' response to each request for admission is made subject to, and without in any way waiving or intending to waive, any objection to the competency, relevancy or materiality, privilege or admissibility as evidence for any other purpose of any of the answers given herein in any proceeding.

3 Defendants object to any request for admission to the extent that it calls for privileged information or documents, including, without limitation, data which was developed for or in anticipation of litigation, or which constitutes attorney work product or confidential attorney-client communications.

4. Defendants object to any request for admission to the extent that it calls for confidential or private information.

5. Notwithstanding any of the instructions or directions of the Plaintiff, said requests for admission are answered in compliance with the Federal Rules of Civil Procedure.

**Responses to Requests for Admissions**

1. The Court has personal jurisdiction over the parties to the lawsuit.

**Response:** **Admitted.**

2. The Court has jurisdiction over Ms. Morelli's claims under the Age Discrimination in Employment Act, as amended.

**Response:** **Admitted.**

3. The Court has jurisdiction over Ms. Morelli's claims under the Florida Civil Rights Act.

__Response:__ **Admitted.**

4. Agere Systems Inc. was Ms. Morelli's employer during 2001.

__Response:__ **Denied as stated. Agere Systems Inc. employed Morelli from February 2, 2001 until September 30, 2001.**

5. Lucent Technologies Inc. was Ms. Morelli's employer during 2001.

__Response:__ **Denied as stated. Lucent Technologies Inc. employed Morelli as of January 1, 2001 and continuing until February 1, 2001.**

6. Beth Wong is younger than Ms. Morelli.

__Response:__ **Admitted. By way of further response, Bethann Wong was born on October 2, 1956 and is three years, eleven months and thirteen days younger than Morelli. Like Morelli, she is a member of the protected class under the Age Discrimination in Employment Act and Florida Civil Rights Act.**

7. Beth Wong was reassigned or transferred to a different position in November, 2001.

**Response:** **Admitted. By way of further response, Wong was transferred from a position in labor relations to a position in the analytical lab. Both jobs were classified as MA-2 and the job change resulted in no change in Wong's compensation.**

8. Beth Wong did not apply for the position to which she was reassigned or transferred in November 2001, and the position had not been advertised as being available.

**Response:** **Admitted.**

9. Josie Rose is younger than Ms. Morelli.

**Response:** **Admitted. By way of further response, Josie Rose was born on January 26, 1956 and is three years, three months and seven days younger than Morelli. Like Morelli, she is a member of the protected class under the Age Discrimination in Employment Act and Florida Civil Rights Act.**

10. Josie Rose was reassigned or transferred to a different position in June 2001.

**Response:** **Admitted. By way of further response, Rose was transferred from an administrative assistant position in human resources to an administrative assistant position in CIO. Both jobs were classified as LBA-2 and the job change resulted in no change in Rose's compensation.**

11. Josie Rose did not apply for the position to which she was reassigned or transferred in June 2001, and the position had not been advertised as being available.

**Response:** **Admitted.**

12. D'Juna Doby is younger than Ms. Morelli.

**Response:** **Admitted.**

13. D'Juna Doby was reassigned or transferred to a different position in September, 2001.

**Response:** **Admitted. By way of further response, Doby was transferred from a position as an assistant in human resources to a position as an assistant in operations. Both jobs were classified as LBA-3 and the job change resulted in no change in Doby's compensation.**

14. D'Juna Doby did not apply for the position to which she was reassigned or transferred in September 2001, and the position had not been advertised as being available.

**Response:** **Admitted.**

15. Ms. Morelli can establish a prima facie case of age discrimination.

**Response:** **Denied. In order to establish a prima facie case of age discrimination, Morelli must demonstrate: "(1) that she was in a protected age group and was adversely**

affected by an employment decision, (2) that she was qualified for her current position or to assume another position at the time of her discharge, and (3) evidence by which a fact finder could reasonably conclude that the employer intended to discriminate on the basis of age in reaching that decision." Smith v. J. Smith Lanier & Co., 352 F.3d 1342, 1344 (11th Cir. 2003). Morelli cannot satisfy the third prong of this test, because she has no evidence from which a fact finder could reasonably conclude that Agere intended to discriminate against her based on her age by terminating her or not offering her another position with the company.

16. Age was a factor in Ms. Morelli's termination.

Response: Denied. By way of further response, Morelli was placed At-Risk because of a function elimination as part of Agere's Force Management Plan. The decision to implement the FMP was made for legitimate business reasons that required Agere to reduce its workforce by over 4,000 employees in August 2001. The decision to eliminate Morelli's function was consistent with FMP guidelines and was made for legitimate business reasons having nothing to do with Morelli's age. Consistent with FMP guidelines, Morelli was terminated after she failed to find other employment with Agere within sixty days of being notified of her At-Risk status. Age played no role in Morelli's inability to find other employment with Agere during this period.

17. After her termination from Agere Systems Inc., Ms. Morelli obtained substantially equivalent employment.

Response: **Denied. Morelli's self-employment, which she undertook after her termination from Agere, is not substantially equivalent to her employment with Agere, because it does not provide her with the same amount of income that she received at Agere.**

18. Between August 2 and September 30, 2001, Agere Systems Inc. did not advertise or post as being available any jobs at its John Young Parkway facility in Orlando, Florida.

Response: **Admitted.**

19. During her employment with Defendants, Ms. Morelli received the top rating on her performance reviews, except for one year when she received the next highest rating.

Response: **Denied, only insofar as Defendants are unable to confirm Morelli's performance rating for 2000 and 2001, or whether she even received a performance rating in 2001. Defendants admit that Morelli was rated "Outstanding" (highest rating) in 1998 and "Accomplished" (second-highest rating) in 1999.**

20. On or about August 2, 2001, Agere Systems Inc. gave Ms. Morelli the banding criteria form attached hereto as Exhibit 23.

Response: **Denied. See response to Request No. 23.**

21. On or about August 2, 2001, Agere Systems Inc. gave Ms. Morelli the banding criteria form attached hereto as Exhibit 28.

**Response:** **Denied. See response to Request No. 23.**

22. On or about August 2, 2001, Agere Systems Inc. gave Ms. Morelli the banding criteria form attached as Exhibit 29.

**Response:** **Denied. See response to Request No. 23.**

23. On or about August 2, 2001, Agere Systems Inc. gave Ms. Morelli the banding criteria form attached as Exhibit 56.

**Response:** **Admitted. By way of further response, this copy of the form contains fax lines from Michael Hall which would not have appeared on the form provided to Morelli. Agere has produced a clean copy of the form given to Morelli as document A 1450.**

24. On or about August 2, 2001, Agere Systems Inc. gave Ms. Morelli the age distribution report attached hereto as Exhibit 26.

**Response:** **Admitted.**

25. On or about August 2, 2001, Agere Systems Inc. gave Ms. Morelli the age distribution report attached hereto as Exhibit 27.

**Response:** **Denied. See response to Request No. 24.**

26. On or about August 2, 2001, Agere Systems Inc. gave Michael Hall the banding criteria form attached hereto as Exhibit 23.

**Response:** **Denied. See response to Request No. 29.**

27. On or about August 2, 2001, Agere Systems Inc. gave Michael Hall the banding criteria form attached hereto as Exhibit 28.

**Response:** **Denied. See response to Request No. 29.**

28. On or about August 2, 2001, Agere Systems Inc. gave Michael Hall the banding criteria form attached hereto as Exhibit 29.

**Response:** **Denied. See response to Request No. 29.**

29. On or about August 2, 2001, Agere Systems Inc. gave Michael Hall the banding criteria form attached hereto as Exhibit 56.

**Response:** **Admitted.**

30. On or about August 2, 2001, Agere Systems Inc. gave Michael Hall the age distribution report attached hereto as Exhibit 26.

**Response:** **Admitted.**

31. On or about August 2, 2001, Agere Systems Inc. gave Michael Hall the age distribution report attached hereto as Exhibit 27.

**Response:** **Denied. See response to Request No. 30.**

32. Ms. Morelli satisfied all conditions precedent to bringing suit under the Age Discrimination in Employment Act.

**Response:** **Admitted.**

33. Ms. Morelli satisfied all conditions precedent to bring suit under the Florida Civil Rights Act.

**Response:** **Admitted.**


LITTLER MENDELSON, P.C.
Attorneys for Defendants

By: ______________________
Robert W. Cameron, Esquire*
Theodore A. Schroeder, Esquire*
Dominion Tower
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
Telephone: (412) 201-7635
Fax: (412) 456-2377
***admitted *pro hac vice***

Carol C. Lumpkin, Esquire
Florida Bar No. 0797448
Judd J. Goldberg, Esquire
Florida Bar No. 0115924

One Biscayne Tower, Suite 1500
2 S. Biscayne Boulevard
Miami, Florida 33130
Telephone: (305) 400-7500
Fax: (305) 603-2552

May 28, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2004, a true and correct copy of the foregoing **Defendants' Response To Plaintiff's Request For Admissions To Defendants**_was served by First Class, United States mail, postage prepaid, upon the following counsel of record:

Joseph Egan, Jr., Esquire
Kathryn S. Piscitelli, Esquire
EGAN, LEV & SIWICA, P.A.
231 East Colonial Drive
Post Office Box 2231
Orlando, Florida 32802.

Theodore A. Schroeder

Pittsburgh:36828.1 042480.1017