UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VICKI MORELLI,

Plaintiff,

vs. Case. No.: 6:02-cv-1533-Orl-28JGG

AGERE SYSTEMS, INC.;
LUCENT TECHNOLOGIES, INC.,

Defendants.

______________________________/

**PLAINTIFF'S CORRECTED MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff respectfully asks the Court to compel Defendants Agere Systems Inc. ("Agere") and Lucent Technologies Inc. ("Lucent") to produce documents as follows: order Agere and Lucent to fully respond to Requests Nos. 2, 6, and 33 of Plaintiff's First Request for Production of Documents served separately on each Defendant; and order Agere to respond fully to Requests Nos. 11–12, 15–19, and 22 of Plaintiff's Third Request for Production to Defendant Agere Systems Inc. Plaintiff further requests that the Court grant her reasonable expenses incurred in bringing this motion should the Court grant the requested relief. Plaintiff brings this motion pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. In support of her motion, Plaintiff states the following:

1. Plaintiff is suing Defendants under the Age Discrimination in Employment Act and Florida Civil Rights Act for discharging her and failing to offer or provide her with other employment opportunities because of her age. Despite being rated as an "outstanding" employee, Plaintiff was terminated during a corporate downsizing in 2001, whereas younger employees were retained and offered positions that Plaintiff was qualified to perform. Plaintiff was "laid off" on August 2, 2001, and terminated on or about September 30, 2001. At the time of Plaintiff's "layoff" and termination,

44

Agere was a subsidiary of Lucent. As of February 2001, Agere became an employer of Plaintiff; however, it is Plaintiff's position that from that point until her termination, both Agere and Lucent were her "employers." Prior to February 2001, Plaintiff was employed by Lucent and Lucent's predecessors (AT & T and Southern Bell).

2. On August 29, 2003, Plaintiff served separate first requests for production on Agere and Lucent. Plaintiff served a corrected version on October 6, 2003. The first requests asked for the same information.

3. Agere and Lucent jointly served a consolidated response to the first requests on October 20, 2003. The two defendants jointly served a consolidated supplemental response to the first requests on December 10, 2003. On February 17, 2004, Agere served a second supplemental response. Agere served a third supplemental response on April 29, 2004.

4. At issue with respect to the first requests for production are Requests Nos. 2, 6 and 33.

5. Plaintiff served her third request for production on Agere on January 5, 2004. Agere served its response on February 9, 2004.

6. At issue with respect to the third request for production to Agere are Requests Nos. 11–12, 15–19 and 22.

*Request Nos. 2 of first request for production served on each defendant*

7. Request No. 2 of the first request for production served separately on each defendant was identical. Defendants jointly responded in a single consolidated response and later in a supplemental consolidated response, which is the current response. The request and Defendants' response as it now reads are as follows:

**2.** All personnel files and employment records of Vicki Morelli. This

request includes, but is not limited to, Ms. Morelli's entire personnel file; her application form and resumé; all documents reflecting evaluations of her work performance and skills; and documents relating to any change in position, status or rank during her employment with you.

**Supplemental consolidated response:** Agere has previously produced Morelli's personnel file and employee profile report (A0001 - 00125). Agere has now also produced Individual Assessment Reports for Morelli that were generated as part of Agere's FMP in April and August 2001.

8. Despite the breadth of the request, which separately asked each defendant for all of Plaintiff's employment records, Defendants merely provided the above paltry offering. Through their response, they have effectively and unilaterally narrowed the scope of the requests. However, Plaintiff particularly needs the specifically requested evaluations of her work performance and skills and documents relating to any change in position, status or rank, especially (but not only) any created during 2001.

9. Plaintiff has learned through deposition testimony of a number of documents generated in connection with the 2001 workforce reduction (called the "Force Management Program" or "FMP") that have not been produced. These include skills assessments created by Ms. Morelli's manager, Jeff Bindell, (Frazee depo., Ex. A at 21:16–18; 35:4–11); Excel spreadsheets that Human Resources manager Kenneth Frazee created allegedly based on skill assessment information submitted by managers, which were used at managers' "roundtable" meetings at which decisions on which employees to include in the workforce reduction were made, (*id.* at 21:18 to 22:4; 35:11–16; 43:13 to 44:7); changes to assessments made at the roundtable meetings that were reflected on roundtable discussion "working documents," (*see* Frazee Depo., Ex. A at 21:21 to 22:4; Frazee Depo. in *Merrick* case, Ex. B at exhibit list on p. 3 and transcript pages referenced in list); a second

spreadsheet based on information obtained at the roundtable meetings, (Frazee Depo., Ex. A at 36:5–8; 44:15–18); and an "official" report onto which information from the second spreadsheet was transferred and which was sent to corporate headquarters in Allentown, Pennsylania, (*id.* at 36:8–12; 44:15–18).

10. Frazee said he did not have these documents in his personal possession but could not say whether they were elsewhere in the company. (*Id.* at 41:15 to 42:21.)

11. Additionally, there were documents called "assessment tools," which would be sent by Adrian Ramsey via e-mail at corporate headquarters to Beverly Blanding in Human Resources in Orlando, who allegedly would return completed assessments tools to corporate headquarters, where Ramsey would load the information into a database. (Ramsey Depo., Ex. C at 13:1–20.) However, Ramsey, a Human Resources manager at Agere's headquarters, testified that he personally did not retain the completed assessment tools submitted by Blanding and assumed they were discarded. (*Id.* at 13:21 to 14:9.) Nonetheless, that does not mean that the assessment tools that included Ms. Morelli are not in anyone else's possession or in the company's database. If the completed tools were transmitted via e-mail or electronic format, they should be in the database. Mr. Ramsey indicated that the tools were electronically provided, as he was able to load them into the database electronically. (*Id.* at 14:10–18.)

12. Plaintiff has obtained a transcript of a deposition taken of Mr. Frazee in another case, *Merrick v. Agere Systems, Inc.*, M.D. Fla., Case No. 6:02-cv-742-ORL-28JGG. (Ex.B.) Numerous roundtable documents and e-mails in connection with April 2001 layoffs at Agere's Orlando facility were apparently produced by Agere in that case. (*See* Ex. B at exhibit list on p. 3, transcript pages referenced in list, and referenced exhibits.) Defendants failed to produce these documents to

Plaintiff in the instant case. Moreover, surely if Defendants had such documents relating to the April 2001 layoffs, they would have as well the same types of documents generated in connection with the August 2001 layoffs, which included Plaintiff. Notably, too, under Agere's record retention policy, employment records are to be kept for seven years. (*See* Ex. A at Frazee Depo. Exhibit "E".) Consequently, the records should have been retained.

13. Plaintiff is concerned that a thorough search throughout the company at all sites and the company's databases has not been made for the requested documents. Indeed, Agere produced several documents relating to Plaintiff in late April 2004 that were apparently in the possession of Mr. Ramsey in Allentown. They should have been produced months earlier. Mr. Frazee revealed in his deposition that records of terminated employees are sent to a storage facility called "Iron Mountain." (Frazee Depo., Ex. A at 166:19–25.) Perhaps records relating to Ms. Morelli reside there.

*Request Nos. 6 of first request for production served on each defendant*

14. Requests No. 6 of the first request for production sent to each defendant were identical. The latest formal response to it is Agere's second supplemental response to the first request for production. The request and the latest formal response are as follows:

> **6.** Summary plan descriptions for the years 2001 to the present of all ERISA-covered plans in which Ms. Morelli participated at the time she was terminated.
>
> **Agere's second supplemental response:** Agere has previously produced the Agere Systems Management 401(k) Plan dated 1/1/02, Summary Plan and Prospectus for the Agere Systems Management 401(k) Plan dated 1/8/02 and the Agere Systems Inc. Pension Plan dated 6/1/02 (A 00131 – 00383).
>
> Agere has now also produced the summary plan descriptions for the Lucent Savings Plan dated 4/1/01, the Lucent Retirement Income Plan dated 1/1/00 and the Agere Systems Inc. Pension Plan dated 2003.

15. Plaintiff's only quibble here is that neither defendant has produced the 2001 summary plan description for the pension plan in which Plaintiff participated. Plaintiff has been trying for months to obtain it from Defendants. (*See* Ex. D, p. 2.)

16. However, on May 28, 2004, defense counsel sent the undersigned a letter stating that Defendants do not have the 2001 summary plan description for the pension plan. (Ex. E.)

17. Nonetheless, Defendants should have it in their possession and if not, at least the underlying records. *See* 29 U.S.C. § 1027; *Ashcraft v. Shenango Furnace Co.*, 56 F. Supp. 2d 895, 901 (N.D. Ohio 1999) (ERISA requires plan sponsors to maintain records of plan documents and summary plan descriptions) (citing 29 U.S.C. § 1027).

18. Further, even if not in their possession, it should still be within their control, as they would have the ability to obtain it from the plan administrator or the Department of Labor, where the summary plan description would have been filed pursuant to ERISA. *See* 29 U.S.C. § 1024.

*Request Nos. 33 of first request for production served on each defendant*

19. Requests No. 33 of the first request for production sent to each defendant were identical. The latest formal response to it is Agere's second supplemental response to the first request for production. The request and the latest formal response are as follows:

> **33.** Documents provided to employees laid-off in calendar years 2000, 2001, and 2002, showing the ages and job titles of the employees affected by the layoff. This includes, but is not limited to, the documents given to employees at or about the time they were told they were to be laid off, as well as documents provided to comply with the Older Worker Benefit Protection Act.
>
> **Defendants' supplemental consolidated response:** Defendants object to Request No. 33 as overly broad to the extent it requests information related to reductions-in-force other than the August 2001 FMP during which Morelli was placed at-risk or for job universes other than Morelli's. Defendants further object to the request as

> requesting documents that are neither relevant nor likely to lead to the discovery of admissible evidence; insofar as Defendants have not alleged the existence of a release as a defense to Morelli's claims, Defendants compliance with the Older Workers Benefit Protection Act is irrelevant.
>
> Without waiving the foregoing objections, Agere has previously produced an electronically maintained copy of the Age Distribution Report provided to Morelli at the time she was notified of her At Risk status (Morelli/EEOC 0211). Agere has now also produced documents identifying the age and job classification of all individuals who were subject to FMPs in Orlando during 2001, including all individuals who were place "At-Risk" (A 00481 - 00524).

20. The request is calculated to obtain statistical information on the ages of employees who were terminated in workforce reductions over a three-year period. Data showing a pattern of selection of older workers would be relevant in raising an inference of age discrimination in selections of employees for termination during workforce reductions. Further, the requested documentation could be used to verify data produced to Plaintiff by Agere in summary form during discovery.

21. The referenced document A 00481-00524 that Agere produced is insufficient. It is a summary that Agere created, apparently for purposes of this lawsuit. However, Plaintiff has no way of verifying its accuracy without seeing the requested underlying documents for 2001 that it summarizes.

*Request No. 11 of third request for production to Agere*

22. Request No. 11 of the third request for production to Agere and Agere's response are as follows:

> **11.** All documents relating to job openings or job vacancies at the John Young Parkway facility during 2001 to 2002.
>
> **Response:** Agere objects to Request No. 11 as unreasonably cumulative and duplicative of Plaintiff's prior document requests. Agere further objects to the request as neither relevant nor likely to

> lead to the discovery of admissible evidence to the extent it requests information other than positions for which Morelli was qualified and that were available in August or September 2001.

23. Contrary to Agere's objection, Request No. 11 is relevant and likely to lead to the discovery of admissible evidence. Request No. 11 is crafted to obtain relevant information on any job openings and vacancies occurring at any time from the time Plaintiff was laid off from her job through December of the following year. The inquiry is calculated to lead to the discovery of admissible evidence relevant to Plaintiff's age discrimination claims. Plaintiff is seeking the information to determine the veracity of contentions of Defendants that Plaintiff's duties were eliminated and no other positions were available to which she could be transferred; to find out whether job opportunities were artificially delayed until after the 60-day period between August 2 and September 30, 2001, during which Plaintiff was permitted to seek new employment within the company; and to learn whether any job vacancies were concealed.

24. Also without merit is Agere's objection that the request is cumulative and duplicative of Plaintiff's prior document requests. Agere fails to support this generalized assertion with specific information regarding any documents previously produced that it believes to be responsive to the request or by describing the relevant search it already performed. Such failure renders the objection insufficient. *See Alexander v. FBI*, 194 F.R.D. 299, 302 (D.D.C. 2000) (by simply objecting without referring specifically to any documents already produced or describing the relevant search already performed, party did not meet burden of demonstrating that request was unreasonably cumulative or duplicative).

*Request No. 12 of third request for production to Agere*

25. Request No. 12 of the third request for production to Agere and Agere's response are as

follows:

> 12. All plans, guidelines, directives, instructions, communications, and training materials relating to transfers of employees that you issued or distributed during 2001 through 2002.
>
> **Response:** Agere objects to Request No. 12 as overbroad to the extent it requests information other than policies or guidelines applicable to transfers and as neither relevant nor likely to lead to the discovery of admissible evidence to the extent it requests anything other than such policies or guidelines that were applicable in August and September 2001.
>
> Without waiving the foregoing objection, Agere has produced the Management Staffing Policy applicable (A 1115) in August and September 2001.

26. Contrary to Agere's objection the request does seek relevant information. A number of younger individuals were transferred to different positions during the reduction in force and thereby were "saved" from termination. Such opportunity was not accorded to Plaintiff. Request No. 12 is crafted to obtain information on transfers during the downsizing phase, not just policies but, also, any documents relating to specific transfers of employees. The requested documents may provide information essential to Plaintiff's age discrimination claims.

27. The document referenced in the objection is merely a 1998 Lucent policy relating to job announcements. Besides not being issued in 2001 or 2002, it does not contain the information sought by the request and, therefore, is insufficient.

*Request No. 15 of third request for production to Agere*

28. Request No. 15 of the third request for production to Agere and Agere's response are

> **15.** Any documents relating to Vicki Morelli's employment which were or are kept by, or were or are in the possession of, any agent, employee, officer, director, official, or representative of Agere Systems Inc.

> **Response:** Agere objects to Request No. 15 as unreasonably cumulative and duplicative of Plaintiff's prior document requests. Agere further objects to the request as overly broad and neither relevant nor likely to lead to the discovery of admissible evidence to the extent it seeks information other than Morelli's general employment history or documents relating to Morelli's function elimination, At-Risk classification and termination.

29. Documents relating to Plaintiff's employment that are in the possession of the persons named in the request may provide evidence of age bias toward Plaintiff and falsity of Defendants' defenses and assertions in this lawsuit. Accordingly, the request is relevant. Plaintiff should not be limited to the categories of documents referenced in the objection.

30. Also without merit is Agere's unsupported assertion that the request is unreasonably cumulative or duplicative. *See Alexander v. FBI, supra*, 194 F.R.D. at 302 (by simply objecting without referring specifically to any documents already produced or describing the relevant search already performed, party did not meet burden of demonstrating that request was unreasonably cumulative or duplicative).

*Request No. 16 of third request for production to Agere*

31. Request No. 16 of the third request for production to Agere and Agere's response are as follows:

> 16. All documents relating to any demotion of Beth Wong in 2001.
>
> **Response:** Agere objects to Request No. 16 as unreasonably cumulative and duplicative of Plaintiff's prior document requests. Agere further objects to Request No. 16 as neither relevant nor likely to lead to the discovery of admissible evidence, as Beth Wong was not in Plaintiff's job classification at the time of the August 2001 FMP.

32. Beth Wong is one of the younger employees who was "saved" from termination through

a transfer. She was transferred into the department where Plaintiff worked shortly after Plaintiff was terminated, and Plaintiff was qualified to perform the duties of the position into which Wong was transferred. Documentation produced by Agere on Wong reflect a "demotion" of her prior to the transfer. The company denies that Wong was in fact demoted. Because Wong is a comparator to Plaintiff, information relating to the demotion is relevant. Further, it will assist Plaintiff in learning exactly why the company documents refer to her as having been demoted. Accordingly, the request seeks relevant information.

33. That Wong was in a different job classification than Plaintiff does not make the request irrelevant. Wong was in a lower classification than Plaintiff, not higher. Further, Plaintiff was qualified to perform the duties of the job into which Wong was transferred.

34. Agere's unsupported assertion that the request is cumulative or duplicative is not a valid objection. *See Alexander v. FBI*, *supra*, 194 F.R.D. at 302 (by simply objecting without referring specifically to any documents already produced or describing the relevant search already performed, party did not meet burden of demonstrating that request was unreasonably cumulative or duplicative).

*Request No. 17 of third request for production to Agere*

35. Request No. 17 of the third request for production to Agere and Agere's response are as follows:

> 17. All documents relating to any transfer of Beth Wong in 2001.
>
> **Response:** See Response and Objection No. 16.

36. As discussed above, Wong is a comparator in this case, and the transfer of Wong in 2001 into a position in Plaintiff's department that Plaintiff was qualified to perform is a key event. The

documents sought are clearly relevant.

37. Agere's incorporated "unreasonably cumulative and duplicative" objection from its objection to Request No. 16 is devoid of merit, as discussed above.

*Request No. 18 of third request for production to Agere*

38. Request No. 18 to the third request for production to Agere and Agere's response to it are as follows:

> **18.** All documents relating to any transfer of Josie Rose in 2001.
>
> **Response:** Agere objects to Request No. 18 as unreasonably cumulative and duplicative of Plaintiff's prior document requests. Agere further objects to Request No. 18 as neither relevant nor likely to lead to the discovery of admissible evidence, as Josie Rose was not in Plaintiff's job classification at the time of the August 2001 FMP.

39. Josie Rose is another younger employee who was "saved" from termination through a transfer to a different position in 2001. For the same reasons discussed above in relation to Wong, the request is relevant.

40. Moreover, Agere again makes an insufficient "unreasonably cumulative and duplicative" objection, as it fails to specifically refer to any documents already produced or describe the relevant search already performed. *See Alexander v. FBI, supra*, 194 F.R.D. at 302.

*Request No. 19 of third request for production to Agere*

41. Request No. 19 of the third request for production to Agere and Agere's response are as follows:

> **19.** All communications relating to Vicki Morelli made by the following individuals during 2001: David Williams; Morgan Thoma; Jeff Bindell; Ken Frazee; Jeanette Mosdell; Adrian Ramsey; Beverly Blanding; any current or former director of Agere Systems Inc.; and any current or former officer of Agere Systems Inc.

**Response:** Agere objects to Request No. 19 as unreasonably cumulative and duplicative of Plaintiff's prior document requests. Agere further objects to Request No. 19 as neither relevant nor likely to lead to the discovery of admissible evidence to the extent it requests communications other than those related to Morelli's function elimination, At-Risk classification and termination.

Subject to that limitation, Agere has now produced document A 1116, although it has already produced this e-mail as part of document A 00390.

42. Frazee, Bindell, Blanding, and Ramsey are identified above in discussions on other disputed requests. David Williams was the head of the Orlando facility when the decision to terminate Plaintiff was made. He allegedly signed off on Plaintiff's termination. Jeanette Mosdell was a secretary to executives at the Orlando facility. Morgan Thoma was the head of the division in which Plaintiff worked and was Jeff Bindell's immediate supervisor.

43. Communications relating to Plaintiff by these individuals during 2001 may provide evidence of age bias against Plaintiff, as well as provide evidence of falsity of Defendants' defenses and representations in this lawsuit. Accordingly, contrary to Agere's objection, the request is relevant and reasonably calculated to lead to the discovery of admissible evidence.

44. Further, Agere again makes an insufficient "unreasonably cumulative and duplicative" objection by failing to specifically refer to any documents already produced or describe the relevant search already performed. *See Alexander v. FBI, supra*, 194 F.R.D. at 302.

*Request No. 22 of third request for production to Agere*

45. Request No 22 of the third request for production and Agere's response to it are as follows:

**22.** All Age Distribution Reports for the John Young Parkway facility for 2001.

> **Response:** Agere objects to Request No. 22 as unreasonably cumulative and duplicative of Plaintiff's prior document requests. Agere further objects to the request as unduly burdensome, and as neither relevant nor likely to lead to the discovery of admissible evidence to the extent it requests Age Distribution Reports other than those for Morelli's job universe (MA-4) for the August 2001 FMP.

46. The age distribution reports are essential documents that would provide data on the ages of employees selected for termination in the reduction in force. Plaintiff should not be limited to her particular job grade or the August 2001 workforce reduction, as all the requested documents potentially could show a pattern of age discrimination in selection of employees for termination in connection with the reduction in force.

47. The request overlaps with Request No. 33 of the first request for production. As discussed above, the document stamped "A 00481-00524" referenced in the objection to Request No. 33 is insufficient. It is a summary that Agere created, apparently for purposes of this lawsuit. However, Plaintiff has no way of verifying its accuracy as a composite of 2001 age distribution reports without seeing the actual age distribution reports.

*Request for fees and costs*

48. The Court is authorized under Fed. R. Civ. P. 37(a)(4)(A) to award Plaintiff reasonable expenses incurred in making the motion, including attorney's fees, should the Court grant Plaintiff the requested relief.

*Conclusion*

For the foregoing reasons, Plaintiff respectfully asks the Court to order Agere and Lucent to fully respond to Requests Nos. 2, 6, and 33 of Plaintiff's First Request for Production of Documents served separately on each Defendant; order Agere to respond fully to Requests Nos. 11–12, 15–19, and 22 of Plaintiff's Third Request for Production to Defendant Agere Systems Inc.; and award

Plaintiff reasonable expenses incurred in bringing this motion should the Court grant the requested relief.

## Certificate of Conference

Plaintiff's attorney has in good faith conferred with defense counsel in an effort to resolve the discovery disputes addressed in this motion. However, the parties were unable to reach agreement.

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was sent by U.S. Mail to Robert W. Cameron, Esquire, and Theodore Schroeder, Esquire, 625 Liberty Ave, Dominion Tower, 26th Floor, Pittsburgh, PA 15222 and Carol C. Lumpkin, Esquire, Littler Mendelson, P.C., One Biscayne Tower, 2 South Biscayne Blvd, Suite 1500, Miami, FL 33131-1804 this 3rd day of June, 2004.

Respectfully submitted,

Kathryn S. Piscitelli, Esquire
Fla. Bar No. 368598

for Joseph Egan, Jr., Esquire
Fla. Bar No. 180102
EGAN, LEV & SIWICA, P.A.
P.O. Box 2231
Orlando, FL 32801
Telephone 407-422-1400
Facsimile 407-422-3658
**Attorneys for Plaintiff**

ADDITIONAL

ATTACHMENTS

NOT

SCANNED

REFER TO COURT FILE