UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VICKI MORELLI,

Plaintiff,

vs. Case. No.: 6:02-CV-1533-Orl-28JGG

AGERE SYSTEMS, INC.;
LUCENT TECHNOLOGIES, INC.,

Defendants.

_______________________________________/

# PLAINTIFF'S CORRECTED CONSOLIDATED MOTIONS TO COMPEL DEFENDANTS TO FULLY ANSWER RESPECTIVELY-SERVED INTERROGATORIES AND INCORPORATED MEMORANDUM OF LAW

Plaintiff Vicki Morelli respectfully asks the Court to take the following actions: compel Defendant Agere Systems Inc. ("Agere") to answer fully Interrogatories Nos. 3, 4, and 10 of the First Set of Interrogatories to Defendant Agere Systems Inc.; compel Defendant Lucent Technologies Inc. ("Lucent") to answer fully Interrogatories Nos. 3 and 4 of the First Set of Interrogatories to Defendant Lucent Technologies Inc.; compel Agere to answer fully Interrogatories Nos. 11, 12 and 15 of the Second Set of Interrogatories to Defendant Agere Systems Inc.; and award Plaintiff reasonable expenses should the Court grant her the requested relief. Plaintiff brings her motion pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. In support of her motion, Plaintiff states the following:

1. Plaintiff is suing Defendants under the Age Discrimination in Employment Act and Florida Civil Rights Act for discharging her and failing to offer or provide her with other employment opportunities because of her age. Despite being rated as an "outstanding" employee, Plaintiff was terminated during a corporate downsizing in 2001, whereas younger employees were retained and

47

offered positions that Plaintiff was qualified to perform. At the time of Plaintiff's termination, Agere was a subsidiary of Lucent.

2. On August 29, 2003, Plaintiff served on Agere her First Set of Interrogatories to Defendant Agere Systems Inc., which consisted of ten interrogatories. (Ex. A.) On the same day, she served on Lucent her First Set of Interrogatories to Lucent Technologies Inc., which consisted of ten interrogatories, most of which were identical to those served on Agere. (Ex. B.)

3. Rather than separately answering the respective sets of interrogatories, Defendants, on October 20, 2003, initially served a consolidated response, in which ten interrogatories were answered. (Ex. C.) Later, following discussions with Plaintiff's counsel concerning discovery disputes, Defendants served separate responses to most of the interrogatories. (Ex. D through G.) Only one of the originally served joint answers is at issue herein, that which was in response to the separately served but identical Interrogatories Nos. 4.[1] On January 15, 2004, Lucent separately answered Interrogatory No. 4 to the first set of interrogatories served on it but incorporated by reference the answer provided in the initial joint response. (Ex. E.) Agere did not subsequently serve a separate answer to Interrogatory No. 4.

4. On April 29, 2004, Agere served Defendant Agere Systems Inc.'s Third Revised Response to Plaintiff's First Interrogatories, which provided a second amended answer to Interrogatory No. 10 to Agere. (Ex. H.) In conjunction with the Third Revised Response, Agere produced documents bearing the stamped page numbers A 1456–A 1498. (Ex. P.)

5. At issue herein from the first set of interrogatories served on Agere are Agere's answers

---

[1] Several of the interrogatories for which separate answers were never provided concerned affirmative defenses that Defendants later dropped.

to Interrogatories Nos. 3, 4 and 10.

6. At issue herein from the first set of interrogatories to Lucent are Lucent's answers to Interrogatories Nos. 3 and 4.

7. Plaintiff served her Second of Interrogatories to Defendant Agere Systems Inc. on January 4, 2004. (Ex. I.) Agere served its responses to the second set of interrogatories on February 9, 2004. (Ex. J.)

8. At issue herein from the second set of interrogatories to Agere are Agere's answers to Interrogatories Nos. 11, 12 and 15.

*Interrogatories Nos. 3 to Agere and Lucent*

9. An identical Interrogatory No. 3 was served separately on Agere and Lucent in the first sets of interrogatories to each defendant. Agere and Lucent answered it identically in separate revised responses served on December 11, 2003, which are its current answers at issue here. The text of the interrogatory and Lucent's and Agere's current answers to it are as follows:

> **3.** Please describe your involvement in the reduction in force at the John Young Parkway facility in Orlando, Florida, in 2001, including, but not limited to, your involvement in such matters as planning, developing guidelines, issuing directives, and participation in employee termination decisions.
>
> **Agere's answer**: The FMP was created by Lucent and was applicable to Agere, as a Lucent subsidiary, in 2001. Agere was responsible for all decisions related to the implementation of the FMP at Agere facilities, including the Orlando facility, in 2001. These decisions included the decision to implement the FMP at Agere's Orlando facility, any decisions regarding which departments would be affected and to what extent, the assessment of employee skills and the determination to eliminate a function. From time to time, Lucent employees provided Agere employees with assistance to ensure that Agere was following FMP guidelines.
>
> **Lucent's identical answer**: The FMP was created by Lucent and was

> applicable to Agere, as a Lucent subsidiary, in 2001. Lucent had no involvement in the decision to implement the FMP at Agere's Orlando facility in 2001. Likewise, Lucent had no involvement in the implementation of the FMP, including any decisions regarding which departments would be affected and to what extent, the assessment of employee skills or the determination to eliminate a function. From time to time, Lucent employees provided Agere employees with assistance to ensure that Agere was following FMP guidelines.

10. The "FMP" referenced in the interrogatories answers is the reduction in force that occurred at Agere in 2001. The purpose of Interrogatories Nos. 3, as is apparent, was to find out precisely what each company's role was in the reduction in force.

11. While Defendants' answers provide some information in this regard, the answers nonetheless are deficient in failing to include specific information requested. Each defendant's answer fails to describe its involvement in the reduction in force with respect to "planning, developing guidelines, issuing directives, and participation in employee termination decisions," which is the information that at a minimum each defendant was to provide in its answer. Just because Lucent may not have been involved in the decision to implement the FMP at the Orlando facility or the implementation of the FMP at the Orlando facility does not necessarily mean that Lucent had zero involvement in "planning, developing guidelines, issuing directives" or employee termination decisions.

12. Accordingly, each defendant should be required to amend its answer to Interrogatory No. 3 to specifically describe its involvement in the reduction in force at the Orlando facility in 2001 with respect to the following items: planning, developing guidelines, issuing directives and participation in employee termination decisions. If a defendant absolutely had no involvement in planning, developing guidelines, issuing directives and employee termination, it should say expressly say so in its answer.

*Interrogatories Nos. 4 to Agere and Lucent*

13. Interrogatories Nos. 4 were identical interrogatories separately served on Defendants. As noted above, Defendants initially provided a consolidated response, and Lucent later served a separate response incorporating by reference the initial consolidated response. The text of the interrogatory, the consolidated initial response, and Lucent's subsequent separate response are as follows:

> **4.** Please answer the following questions in regard to your Defense that "Defendants' actions regarding Plaintiff were at all times taken for legitimate, nondiscriminatory reasons":
>
> (a) Specify and provide the date of each of the "actions regarding Plaintiff" to which you refer in this Defense.
>
> (b) For each of the "actions regarding Plaintiff" that you provide in response to subsection (a), please state which of the Defendants took the action.
>
> (c) What are the "legitimate, nondiscriminatory reasons" that you allege in this Defense?
>
> (d) State all facts that you believe support this Defense.
>
> (e) Identify all witnesses who you believe can support this Defense and specify the information that you believe each identified witness possesses that would support the Defense.
>
> **Defendants' consolidated answer:** (a) Generally speaking, these actions include the decision to create the FMP to manage force reductions, the decision to implement the FMP to carry out a reduction-in-force in the summer of 2001, and the implementation of that FMP, which resulted in the determination that Morelli will be placed at-risk, and her notification of that determination on August 2, 2001. Lucent adopted the FMP in October 1996. In August 2001, Agere was a majority-owned subsidiary of Lucent and subject to the Lucent FMP. The decision to implement the FMP was made in January 2001. Following an initial FMP which occurred in April 2001, determinations of which employees would be classified as

> Retained and At-Risk during a second FMP were made, culminating with notification to employees, including Morelli, of these decisions on August 2, 2001.
>
> (b) Lucent made the decision to adopt the FMP in October 1996. Agere made the decision to use the FMP for its reduction-in-force in the summer of 2001, as well as all decisions related to the implementation of that [*sic*] of the FMP.
>
> (c) Morelli was classified as At-Risk pursuant to the FMP as a result of the elimination of her job function. She was terminated after failing to find other employment with Agere or Lucent during the sixty (60) day notification period. These decisions were made pursuant to established guidelines for the FMP, which provided the method by which Agere reduced its work force and which were applied to Morelli and all other Agere employees without regard to their age.
>
> (d) Agere objects to Interrogatory 4(d) as overly broad. Without waiving the foregoing objection, see Response to Interrogatory 4(c).
>
> (e) Agere refers to the individuals and information identified in its Initial Disclosures.
>
> **Lucent's subsequent individual answer:** Lucent adopts and incorporates the answer to interrogatory No. 4 provided in Defendants' original Response to Plaintiffs First Interrogatories.

14. It is Plaintiff's position that the answers to subsections (d) and (e) are deficient. As to subsection (d), which asks for "all facts that you believe support this Defense," Defendants avoid answering it by raising a boilerplate "overly broad" objection, without providing any basis to substantiate the objection. The federal rules require that "[a]ll grounds for an objection to an interrogatory shall be stated with specificity." Fed. R. Civ. P. 33(b)(4). Objections to discovery requests such as "overly broad" that are mere conclusory generalizations do not pass muster. *See, e.g., Harding v. Dana Transport, Inc.*, 914 F. Supp. 1084, 1102 (D. N.J. 1996); *Puricelli v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991); *Kramer v. Boeing Co.,* 126 F.R.D. 690, 698

(D. Minn. 1989); *Roesberg v. Johns-Mansville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980); *in re Folding Carton Antitrust Litig.*, 83 F.R.D. 260, 264 (N.D. Ill. 1979). As one such court explained,

> [b]road-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request . . . . An objection to an interrogatory or document request must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is "overly broad and burdensome" or "oppressive" or "vexatious" or "not reasonably calculated to lead to the discovery of admissible evidence."

*Dana Transport, supra*, 914 F. Supp. 1084 at 1102 (citations omitted). Because broad objections based on unsupported generalizations are insufficient, they may result in a waiver of the right to object on any ground. *See Roesberg, supra*, at 85 F.R.D. at 297.

15. Nonetheless, there is nothing overly broad about this simple and eminently reasonable request for the factual basis for a defense.

16. While Defendants toss Plaintiff a bone by saying "[w]ithout waiving the foregoing objections, see Response to Interrogatory 4(c)," Plaintiff has no comfort that the assertions made in subsection (c) are all the facts upon which Defendants rely to support their defense that "Defendants' actions regarding Plaintiff were at all times taken for legitimate, nondiscriminatory reasons."

17. As to subsection (e), which asks each Defendant to "[i]dentify all witnesses who you believe can support this Defense and specify the information that you believe each identified witness possesses that would support the Defense," Defendants avoid answering it by referring to their initial disclosures. Their doing so is improper. The federal rules require that "[e]ach interrogatory shall be answered separately and fully in writing." Fed. R. Civ. P. 33(b)(1). *See also 7-33 Moore's Federal Practice - Civil* § 33.103 (2004) ("Ordinarily, responses to interrogatories should not incorporate

outside material.").

18. Furthermore, Defendants' initial disclosures in any event cannot be said to be responsive to subsection (e). A copy of Defendants' initial disclosures is provided at Exhibit K. Defendants' initial disclosures provide only general topics of information that four listed witnesses may possess. No mention is made in the initial disclosures of Defendants' defense that "Defendants' actions regarding Plaintiff were at all times taken for legitimate, nondiscriminatory reasons," much less of specific information that each listed witness possesses that would support the defense.

19. In addition to being required to fully answer subsections (d) and (e), Agere should be required to provide an individual answer to Interrogatory No. 4 in its entirety, as the interrogatory was separately served on it. In its present form, it is a joint response of the two defendants. Further, doing so would make sense from a practical standpoint, so that the answers to all components of the interrogatory are in one place, rather than scattered.

20. Besides being required to fully answer subsections (d) and (e), Lucent should be required to provide a full, written response to Interrogatory No. 4. Lucent's current answer simply incorporates by reference the original joint answer. Lucent was separately served with the interrogatory and thus is obliged to provide an individual answer. Further, the same practical consideration noted above of having the answers to the various subsections of the interrogatory in one place comes into play here as well.

*Interrogatory No. 10 to Agere*

21. Interrogatory No. 10 to Agere and the answers served in response to it are as follows:

> **10.** Identify all persons who were hired by Agere Systems Inc. to work at the John Young Parkway facility during 2001 and for each person identified, please state the position that the person was hired to perform. The term "identify" as used in this interrogatory is defined

in the definition section preceding the interrogatories.

**Defendants' consolidated answer:** Orlando external hires for 2001 are identified in document A 00468, produced with Defendants' Response to Plaintiffs' First and Second Request for Production of Documents.

**Agere's first revised answer:** Orlando external hires for 2001 have been previously identified in document A 00468, produced with Defendants' Response to Plaintiffs' First and Second Request for Production of Documents.

Orlando management employees who experienced an organization change because of either reorganization or transfer, are identified in documents A 00525 - 527.

**Agere's second revised answer:** Orlando external hires for 2001 are identified in document A 00468, produced with Defendants' Response to Plaintiff's First and Second Request for Production of Documents. Orlando management employees who experienced a transfer or organizational change during 2001 are identified in documents A 1456–A 1498, which have been produced in conjunction with this supplemental response. Agere Systems Inc. hires or transfers are those occurring after February 2, 2001. Prior to that date, the employees at the John Young Parkway facility were employed by Lucent Technologies Inc.

22. As is apparent from its text, Interrogatory No. 10 seeks information on persons hired to work at Agere's Orlando facility in 2001. However, in answering, Agere referenced separate documents that included information not just on new hires, but also on existing employees who allegedly were transferred or experienced an "organizational change" (a vague term that Agere fails to define). (Ex. N to P.) As discussed below in relation to Interrogatory No. 11, which specifically seeks information on transfers, the documentation on transfers is confusing, unreliable and incomplete.

23. As to the persons listed in referenced documents A 00468, (Ex. N), and A 1456–1498,

(Ex. P), some but not all of the requested information is provided. The information requested is not only the specific information expressly mentioned in the interrogatory itself but, also, that which is incorporated into the interrogatory via definitions of terms provided with the interrogatories. (Ex. A at pp. 2–4.) The particular definition relevant here is "identify," which when used in reference to persons is defined in the definitions to the interrogatories as follows:

> "Identify" means when used in reference to a *natural person or persons*, to state separately:
>
> (1) The full name of each such person;
>
> (2) The person's date of birth;
>
> (3) His or her present or last known business address and his or her present or last known residential address;
>
> (4) If the person is a current or former employee of the party answering the interrogatories, the dates when the person was employed by the answering party; and
>
> (5) The employer of the person and the person's title or position at the time to which the answer to the interrogatory is directed

(*Id.* at pp. 2–3.)

24. As to the persons listed in referenced document in A 00468, (Ex. N), Agere failed to provide the following requested information: each person's present or last known business address; the person's present or last known residential address; and the dates when the person was employed by the company.

25. The 2001 hiring of persons named A 00468 is reflected as well in A 1456–1498. But several 2001 hires named in A 1456–1498 are not listed in A 00468. Most are classified as "rehires."

They include the following: Clara Beatty; Elizabeth Hood; Brittin Kane; and Andrew Roy.

26. As for hires not listed in A 00468 whose names appear in A 1456–1498, Agere failed to supply the following requested information: the person's date of birth; the person's present or last known business address; the person's present or last known residential address; and the dates when the person was employed at the company.

27. Accordingly, Agere should be required to supply all missing requested information for the 2001 hires and rehires named in A 00468 and A 1456–1498.

28. A further problem is that Agere evidently has limited its answer to "management" employees, a term that Agere apparently uses for employees in nonunionized positions. However, the interrogatory is not so limited. Plaintiff desires to learn of all persons hired to work at the Orlando facility in 2001, regardless of whether they were hired to work in positions in a collective bargaining unit. Accordingly, Agere should be required to amend its answer to include all 2001 "non-management" hires.

*Interrogatory No. 11 to Agere*

29. Interrogatory No. 11 to Agere and Agere's answer to it are as follows:

> **11.** Identify all employees at the John Young Parkway facility in Orlando who were transferred during 2001, and for each such employee, provide the position from which the employee was transferred; the position to which the employee was transferred; the date of the transfer; the employee's hire date; and the employee's birth date.
>
> **ANSWER:** Agere objects to Request No. 11 as unreasonably cumulative and duplicative, overbroad and neither relevant nor likely to lead to the discovery of admissible evidence to the extent it requests information beyond that provided by Agere in response to Interrogatory No. 10 in Plaintiff's First Set of Interrogatories.

30. Obtaining the information on 2001 transfers requested in Interrogatory 11 is critical to

Plaintiff's case. Plaintiff believes that the company gave younger employees the opportunity to transfer to different jobs for which Plaintiff was qualified, while denying Plaintiff the same opportunity. The interrogatory is crafted to obtain information relevant to this issue.

31. Agere's contention that Interrogatory No. 11 is cumulative and duplicative of Interrogatory No. 10 is meritless. Interrogatory No. 10 seeks different information than Interrogatory No. 11. Interrogatory 10 requests information about persons hired to work at Agere's Orlando facility in 2001, whereas Interrogatory No. 11 asks for information about persons working at the Orlando facility who were transferred in 2001.

32. Furthermore, the information sought in Interrogatory No. 11 cannot be ascertained from the documents referenced in the "answers" to Interrogatory 10. Document A 00468, (Ex. N), simply lists alleged new hires for 2001. It contains no information about transfers.

33. While the documents at A 00525–527, (Ex. O), allegedly identify management employees transferred in 2001, they do not identify all employees transferred in 2001. Indeed, a number of younger employees who were transferred in 2001of whom Plaintiff already is aware are not reflected in A 00525–527. Such individuals include Beth Wong, Josie Rose, Sue Smith and D'Juna Doby. However, Agere apparently has replaced A 00525–527 with A 1456–1498, (Ex. P), which Agere served in conjunction with its second amended answer to Interrogatory No. 10 on April 29, 2004.

34. Although A 1456–1498 purports to contain information on transfers, it fails to provide a complete answer to Interrogatory No. 11. For one thing, the information is unreliable. In this regard, a number of the "transfers" reflected are not actual transfers from one position to another. When shown the identical computerized data applicable to them appearing in other documents

produced by the company, Agere employees Susan Eckert and Beth Wong testified that they did not experience some of the 2001 "transfers" reported in the documents. (*See* Wong Depo., Ex. M at 49:13 to 51:17 and Wong Depo. Ex. 1; Eckert Depo., Ex. L at 27:20–25, 29:2–7, and Eckert Depo. Ex. 11.) Further, Kenneth Frazee, Agere's designated Rule 30(b)(6) deponent for the topic of Beth Wong's transfers, when shown identical computerized data on Wong testified that several entries reflecting 2001 demotions and transfers of Wong were inaccurate. (Frazee Depo., Ex. Q at 240:21 to 243:10, and Frazee Depo. Ex. 9.)

35. Furthermore, besides failing to provide accurate information as to when and whether employees were actually transferred, A 1456–1498 does not provide requested information concerning the positions from which employees were transferred and the employee's birth dates.

36. Nor does A 1456–1498 provide information encompassed within the term "identify." (*See* definition of "identify" at Ex. I, p. 2.) Missing in this regard is each identified person's present or last known business address; the person's present or last known residential address; and the dates when the person was employed by the company.

*Interrogatory No. 12 to Agere*

37. Interrogatory No. 12 to Agere and Agere's answer to it are as follows:

> 12. Identify all nonpermanent employees and "floaters" who were employed at the John Young Parkway facility at any time during 2001 and 2002, and for each employee identified, provide the position(s) in which the employee worked; the employee's date of hire; and the employee's birth date.
>
> **ANSWER:** Agere objects to Interrogatory No. 12 as neither relevant nor likely to lead to the discovery of admissible evidence.

38. The information sought regarding nonpermanent employees and floaters is reasonably calculated to lead to the discovery of admissible evidence concerning available jobs occupied by

such employees into which Plaintiff could have been placed, rather than being terminated. Plaintiff is aware of several younger Agere employees whose employment at the company in 2001 was saved through termination of temporary workers and transfers of Agere employees into the jobs formerly performed by the temporary workers. Identification of individuals holding temporary or floating positions in 2001 and 2002 will assist Plaintiff in discovering whether further potential job opportunities existed of which Plaintiff was deprived, as well as whether Defendants' contentions that Plaintiff's job duties were eliminated are pretextual. Accordingly, Agere should be ordered to answer Interrogatory No. 12, including any information incorporated into the interrogatory through the definition of "identify."

*Interrogatory No. 15*

39. Interrogatory No. 15 to Agere and Agere's answer are as follows:

> 15. Identify all persons employed at the John Young Parkway facility who performed clerical, administrative, community relations, communications, public relations, event planning, or publicity duties at any time between August 2001 and December 2002. For each person identified, state the person's date of hire, date of birth, and position held.
>
> **ANSWER:** Agere objects to Interrogatory No. 15 as neither relevant nor likely to lead to the discovery of admissible evidence.

40. The types of duties listed in Interrogatory No. 15 are duties that Plaintiff performed for Defendants and their predecessors. The interrogatory is calculated to assist Plaintiff seeks in learning whether persons held positions that she was qualified to perform from the time of her "layoff" on August 2, 2001, through December of the following year; and, if so, the age and date of hire of such persons. Such information can lead to the discovery of relevant evidence that after Plaintiff was fired, younger persons were hired to perform duties that Plaintiff was known to be qualified to perform;

that Defendants' assertions that Plaintiff's job duties were eliminated and that no other jobs were available were false; and that job opportunities were artificially delayed beyond the layoff period.

41. The Court granted Plaintiff's motion to compel Defendants to produce a 30(b)(6) deponent on this issue. (*See* Dkt. Nos. 27 and 29, re: Topic 11.) Such deposition, with Mr. Frazee as the deponent, was taken on April 13, 2004. (Frazee Depo., Ex. Q at 68:2 to approx. 105:16.)

42. Agere is unwilling to answer the interrogatory in light of Mr. Frazee's deposition testimony on the topic. However, that Mr. Frazee was deposed on basically the same subject matter as Interrogatory No. 15 does not excuse Agere from answering the interrogatory. Furthermore, Mr. Frazee's deposition testimony in any event does not fully answer the interrogatory. Although the noticed deposition topic specifically included birth dates and dates of hire of identified persons, Mr. Frazee was unprepared to provide such information. (*Id.* at 76:22 to 77:11.) Further, although the noticed time frame of the topic was August 2001 and December 2002, Mr. Frazee brought with him to refresh his memory documentation that went through only December 2001, thereby causing concern as to whether he omitted the names of any persons working for the company in 2002. (*Id.* at 90:24 to 92:6.) In addition, Mr. Frazee's deposition testimony apparently omitted a number of employees who performed administrative duties because Mr. Frazee treated "clerical" and "administrative" one and the same as nonexempt office workers with a job grade of "MA-2" and below, even though he admitted that there were exempt employees higher than MA-2 whose responsibilities included "administrative" duties. (*See id.* at 105:12–16 to 108:6.) Moreover, the deposition was not noticed for and Mr. Frazee did not provide information incorporated into Interrogatory No. 15 through the definition of "identify."

43. On May 28, 2004, defense counsel sent the undersigned a letter stating, among other

things, the following: "With respect to clerical-administrative-public relations employee identified during the deposition of Ken Frazee, Defendants will provide date-of-birth, date-of-hire and date-of-termination (if applicable) for these individuals next week, in conjunction with our responses to your outstanding document requests." (Ex. R.)

44. While Plaintiff appreciates Agere's willingness to provide such information, that information is still less than that required by the interrogatory. As discussed above, Plaintiff is not confident that Mr. Frazee identified all persons whom he should have during his deposition. Further, the information offered does not include each person's present or last known address.

45. Moreover, Agere apparently intends not to provide the information its counsel promised in the May 28th letter in the form of an interrogatory answer under oath, but, rather as part of its document production. Defense counsel's letter makes no mention of actually answering the interrogatory.

45. Accordingly, Agere should be required to answer Interrogatory No. 15 in full.

*Request for fees and costs*

46. The Court is authorized under Fed. R. Civ. P. 37(a)(4)(A) to award Plaintiff reasonable expenses incurred in making the motion, including attorney's fees, should the Court grant her motions to compel.

*Conclusion*

47. For the above reasons, Plaintiff respectfully requests that the Court grant her the following relief:

> (a) compel Agere to answer fully Interrogatories Nos. 3, 4, and 10 of the First Set of Interrogatories to Defendant Agere Systems Inc.;
>
> (b) compel Lucent to answer fully Interrogatories Nos. 3 and 4 of the

First Set of Interrogatories to Defendant Lucent Technologies Inc.;

(c) compel Agere to answer fully Interrogatories Nos. 11, 12 and 15 of the Second Set of Interrogatories to Defendant Agere Systems Inc.; and

(d) award Plaintiff reasonable expenses should the Court grant her the requested relief.

**Certificate of Conference**

Plaintiff's attorney has in good faith conferred with defense counsel in an effort to resolve the discovery disputes addressed in this motion. However, the parties were unable to reach agreement.

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was sent by U.S. Mail to Robert W. Cameron, Esquire, and Theodore Schroeder, Esquire, 625 Liberty Ave, Dominion Tower, 26th Floor, Pittsburgh, PA 15222 and Carol C. Lumpkin, Esquire, Littler Mendelson, P.C., One Biscayne Tower, 2 South Biscayne Blvd, Suite 1500, Miami, FL 33131-1804 this 3rd day of June, 2004.

Respectfully submitted,

K.S. Piscitelli

Kathryn S. Piscitelli, Esquire
Fla. Bar No. 368598

K.S. Piscitelli

For Joseph Egan, Jr., Esquire
Fla. Bar No. 180102
EGAN, LEV & SIWICA, P.A.
P.O. Box 2231
Orlando, FL 32801
Telephone 407-422-1400
Facsimile 407-422-3658
**Attorneys for Plaintiff**

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

**REFER TO COURT FILE**